IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,271






EX PARTE MARK ANTHONY JOHNSON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F09316-200-A IN THE 145TH JUDICIAL DISTRICT COURT

FROM NACOGDOCHES COUNTY






 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Article 11.07, Section 3, of the Texas Code of Criminal Procedure. 
Applicant was convicted of the felony offense of sexual assault, and punishment was
assessed at confinement for five years. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal due to counsel's
ineffective assistance. Article 26.04(j)(2), of the Texas Code of Criminal Procedure, requires
appointed counsel to "represent the defendant until charges are dismissed, the defendant is
acquitted, appeals are exhausted, or the attorney is relieved of his duties or replaced by other
counsel". The duty to perfect an appeal attaches whether counsel is appointed or retained. 
See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted
to appeal, counsel had the duty to ensure that a notice of appeal was filed in a timely manner
unless relieved by the trial court or replaced by other counsel. The record indicates counsel
failed to perform his duty.

 Accordingly, habeas corpus relief is granted and Applicant is granted an out-of-time
appeal from his conviction in cause number F09316-200-A from the 145th District Court of
Nacogdoches County. The proper remedy in a case such as this is to return Applicant to the
point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been entered on the day
that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute
an appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: October 26, 2005